# Richmond

CLARENCE MILTON SMITH v. SUPERINTENDENT OF THE VIRGINIA
STATE PENITENTIARY.

November 26, 1973.

Record No. 8215.

Present, All the Justices.

*Thomas L. Woodward, Jr.*, for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

Clarence Milton Smith filed in the trial court a petition for a writ of habeas corpus seeking his release from the penitentiary. In his petition, Smith alleged that a recidivism sentence he had received was unlawful because it was based in part upon a void conviction entered against him by the trial court in 1945. The 1945 conviction was void, Smith further alleged, because he was only 17 years of age at the time and he was not accorded proper juvenile procedures, *i.e.*, he was not certified for trial as an adult and he was tried without an attorney or guardian. He also alleged that he was denied the right of appeal. The trial court summarily dismissed Smith's petition, and he appeals.

The record shows that the conviction which Smith seeks to have declared void was entered by the trial court on November 7, 1945, for larceny from the person. Smith was sentenced thereon to serve 18 months in the penitentiary. He fully served the sentence and was discharged on November 16, 1946. On December 11, 1951, he was convicted in the same court of attempted rape, for which he received a sentence of 12 years, and on December 11, 1957, he was sentenced by the Circuit Court of the City of Richmond to an additional term of one year for escape. He was discharged from those sentences on November 1, 1963. On May 27, 1969, he was convicted of grand larceny in the Circuit Court of Nansemond County and was sentenced to a term of five years, which he completed serving on July 26, 1972.

Following his commitment to the penitentiary for the 1969 conviction, Smith was proceeded against in the Circuit Court of the City of Richmond as a recidivist for having been three times previously "convicted of a felony and sentenced to confinement in the Penitentiary therefor." Code § 53-296. Counsel was appointed to represent Smith, and a hearing was held on November 18, 1970. Smith "admitted and acknowledged in open Court that he [was] the same person mentioned in the several records of conviction." Upon the determination that he was a three-conviction recidivist, Smith was sentenced to serve ten years in the penitentiary with four years suspended. The

1945 conviction of larceny from the person, which Smith now seeks to have declared void, was one of the convictions supporting the finding of recidivism.

Smith did not appeal his recidivism sentence, and he now labors under its disability. He filed his present petition for habeas corpus on December 17, 1971.

The question thus presented for decision is whether a prisoner detained under a recidivism sentence has standing to attack by habeas corpus the validity of one of the convictions underlying the determination of his status as a recidivist when the sentence imposed for the challenged conviction has been fully served. We answer in the negative. We hold that such an attack must be made in the recidivism proceeding itself, else any objection to a prior conviction, the sentence for which has been fully served, shall be deemed forever waived.

It is true, as Smith points out, that we have indicated by statements in prior decisions, notably *Smyth* v. *Midgett*, 199 Va. 727, 730, 101 S.E.2d 575, 578 (1958), that a prisoner detained as a recidivist may attack in a habeas corpus proceeding the validity of a conviction, the sentence for which he has fully served. But those statements were mere dicta. And they were made (1) before there had been a full delineation of the right of a prisoner to attack in the recidivism proceeding itself the validity of prior convictions, (2) before counsel was required to be provided in recidivism proceedings, and (3) before the judicial system of this state became overburdened by an ever-increasing number of habeas corpus petitions. So, in light of these three circumstances, we must, as a matter of policy, reconsider the propriety of our earlier statements.

## I.

The right of a prisoner to attack in the recidivism proceeding itself the validity of prior convictions has not been the subject of previous direct inquiry by this court. We gave tacit recognition to such a right in *Wesley* v. *Commonwealth*, 190 Va. 268, 56 S.E.2d 362 (1949), where we reviewed on appeal the action of the recidivism court in rejecting the prisoner's attack upon prior convictions. The right of the prisoner to make the attack was not discussed, but was apparently assumed. However, the right is now clearly delineated by legislation. The recidivism statute, Code § 53-296, vests the Circuit Court of the City of Richmond with jurisdiction over recidivism proceedings. In 1966, the following paragraph was added to the Code section:

"If the Circuit Court of the city of Richmond cannot, on the evidence available, make a determination of the convict's allegation of illegality of his prior conviction by reason of unrecorded matters of fact relative to his prior conviction, the Circuit Court of the city of Richmond may certify such question for hearing and determination to the court of said conviction which court shall conduct a hearing and make a finding of fact and determination of such unrecorded matters of fact, sending a certified copy of its order to the Circuit Court of the city of Richmond." Acts 1966, c. 341.

This paragraph specifically recognizes the right of a prisoner to attack in a recidivism proceeding the validity of his prior convictions. It vests in the recidivism court the authority to determine such validity, and it provides a convenient alternative method if that court is unable to make the determination itself. It gives the prisoner a fair opportunity and a complete remedy to obtain adjudication of the validity of his prior convictions. And if he is unsuccessful in his attack, he may seek an appeal to this court.[1]

## II.

Until 1962, it was considered unnecessary to provide counsel for prisoners in recidivism proceedings. In that year, the Supreme Court of the United States, in *Chewning* v. *Cunningham*, 368 U.S. 443, a case involving Virginia's recidivism statute, held that counsel was required in such proceedings. Counsel is now systematically provided.

Under our recidivism statute, only two matters are subjects of inquiry by the recidivism court, *viz.*, "the existence of the records of prior convictions and the identity of the prisoner with the person named in each." Code § 53-296. It is doubtful that the issue of identity would be frequently raised. Of necessity, therefore, the primary concern of counsel must be with the validity of prior convictions. Indeed, the difficulty confronting an unassisted prisoner in attacking prior convictions was one of the considerations prompting the requirement that counsel be provided in recidivism proceedings. *Chewning* v. *Cunningham, supra*, 368 U.S. at 446-47. Now, with counsel to assist him,

---

1. In *Jones* v. *Commonwealth*, 213 Va. 425, 192 S.E.2d 775 (1972), the procedure for attacking prior convictions, provided by Code § 53-296, was followed. The recidivism court, upon a motion to dismiss and quash made by the prisoner, inquired into and upheld the validity of a challenged prior conviction. On direct appeal, we reversed, holding that the prior conviction was void.

the prisoner's opportunity to attack prior convictions in the recidivism proceeding itself is fully protected.

## III.

It is not necessary to cite statistics to demonstrate the extent to which the judicial process in this state has been impeded in recent years by the unrestricted filing of applications for habeas corpus. The proliferation of such applications in this court alone stands as ready proof of the significant extra burden imposed upon our judicial system.

In the interest of speedy justice for all, it is the duty of this court to strive to eliminate every unwarranted impediment to the judicial process. On the other hand, reasonable access to the Great Writ should not be lightly denied.

However, as we have seen, an alleged recidivist has the unlimited right to attack in the recidivism proceeding the validity of underlying convictions. He also has the right to the assistance of counsel in such a proceeding. And he has the right to seek an appeal to this court. In light of these circumstances, we consider it a necessary impingement upon the availability of habeas corpus to limit the right to attack a prior conviction, the sentence for which has been fully served, to the recidivism proceeding itself.

If the attack upon such a prior conviction is made in the recidivism proceeding and is unsuccessful, the prisoner may only seek an appeal to this court. But if he does not seek an appeal, he may not later attack the same conviction by habeas corpus, because habeas corpus cannot be used as a substitute for an appeal. *See Brooks* v. *Peyton*, 210 Va. 318, 321, 171 S.E.2d 243, 246 (1969). And if the attack is not made in the recidivism proceeding, any objection to an underlying conviction, the sentence for which has been fully served, must be deemed to have been waived and cannot be the subject of a subsequent petition for habeas corpus. These rules apply unless, following conclusion of the recidivism proceeding, a new and retroactive constitutional principle is enunciated affecting the validity of such a prior conviction.

In the case before us, the record does not indicate whether Smith, in his 1970 recidivism proceeding, attacked the validity of the 1945 conviction he now seeks to have declared void. We do know that he did not seek an appeal. We also know that all the constitutional principles which would affect the validity of Smith's prior conviction had

been declared at the time of his recidivism proceeding. So Smith, by his habeas corpus petition, is seeking either to use habeas corpus as a substitute for an appeal or to raise an objection which he has waived. Whichever the case, he lacks standing to assert his claim.

The trial court did not err in dismissing Smith's petition for habeas corpus. Accordingly, its judgment will be affirmed.

*Affirmed.*