**William Arthur COLLIER, Petitioner,**

v.

**SUPERINTENDENT, VIRGINIA STATE PENITENTIARY.**

Civ. A. No. 74-C-60-L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Oct. 8, 1974.

---

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

William Arthur Collier, an inmate of the Virginia State Penitentiary, is now in custody of the respondent, serving a ten year sentence for burglary. Additionally, he has yet to serve a recidivist conviction from the Circuit Court of Richmond wherein he received ten years confinement with six years suspended. The recidivist conviction was based in part upon a 1961 judgment by the Lynchburg Corporation Court wherein he was convicted of forgery and sentenced to serve a term of four years confinement in the Virginia State Penitentiary—a sentence he has fully served.

A recent Virginia Supreme Court opinion held that a prisoner detained under a recidivism sentence does not have standing to attack by habeas corpus the validity of one of the convictions underlying the determination of his status as a recidivist when the sentence imposed for the challenged conviction has been fully served. The only state remedy for such prisoner is to attack the underlying conviction in the recidivism proceeding and if he does not, objection to the underlying conviction is forever waived. Smith v. Supt. State Penitentiary, 214 Va. 359, 200 S.E.2d 523 (1973). Since Collier apparently did not attack the forgery conviction at the recidivism proceeding before the Circuit Court of Richmond on March 10, 1971, he has exhausted his state remedies and his petition for a writ of habeas corpus is properly before this court.

In his petition for a writ of habeas corpus, Collier alleges that he was not granted effective assistance of counsel at his forgery trial. A state hearing was held in the Corporation Court for the City of Lynchburg at Lynchburg, Virginia on May 12, 1972, to determine this allegation. The Lynchburg Court conducted an evidentiary hearing and found as a fact that Collier's court-appointed attorney, William B. Smith, effectively represented Collier. After a thorough examination of the transcript of the hearing, this court does not agree and based upon the Fourth Circuit's opinion, Garland v. Cox, 472 F.2d 875 (4th Cir. 1973), hereby orders that the petitioner is entitled to federal habeas corpus relief as to his forgery conviction, and as to his recidivism conviction to the extent that it was based upon the forgery conviction.

The judgment order of the Lynchburg Corporation Court of February 6, 1961, reveals that the judge at Collier's preliminary hearing noted that Collier was not represented by counsel and appointed William B. Smith to represent Collier. That same day, Collier, upon the advice of counsel pleaded guilty to one count of forgery; the Commonwealth's Attorney, with the consent of the court

agreed not to prosecute three other counts. During the 1972 habeas corpus trial before the Lynchburg Corporation Court, the transcript of this hearing indicates that Collier averred that he only talked with Mr. Smith for five or ten minutes and that he was tried the very morning that Mr. Smith was appointed. He further testified that Mr. Smith was not present during the sentencing. (Tr. p. 13). Neither Mr. Smith (Tr. p. 29) nor the Commonwealth's Attorney, Mr. Jester, who prosecuted the forgery case, remember anything about Collier nor about the trial itself.

In Garland v. Cox, supra, the Fourth Circuit stated that where a petitioner demonstrates late appointment of counsel, the Fourth Circuit will employ a presumption of ineffective counsel which will remain until contravening evidence is presented from any source. In *Garland* the petitioner also received a court-appointed attorney who only conferred with his client for ten to fifteen minutes and advised him to plead guilty, which he did on the same day. Like Collier in the present petition, Garland had fully served the sentence imposed on him for the forgery conviction, but the conviction served the basis of a recidivism conviction.

■ Since the state cannot introduce any contravening evidence to prove the adequacy of Smith's representation of Collier, the ineffectiveness of his representation must be presumed. Therefore, the writ of habeas corpus will issue from this court; however, the State of Virginia will be given an opportunity to retry petitioner, in light of this opinion, within 90 days. In default thereof, the petitioner is to be discharged from any sentence resulting from his recidivism conviction.

This action is now stricken from the docket of this court with the right of reinstatement if appropriate so to do.

The clerk is directed to send a certified copy of this opinion and judgment to petitioner and to counsel for respondent.