John Calvin JOHNSON, Appellant,

v.

Walter M. RIDDLE, Appellee.

No. 76–2035.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 18, 1977.

Decided Sept. 16, 1977.

---

Randall M. Chastain, Columbia, S.C. (G. Anthony Campbell, U.S.C. Law Center, Columbia, S.C., on brief), for appellant.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va. (Andrew P. Miller, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN * and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

In this federal habeas corpus proceeding, petitioner John Calvin Johnson challenges the validity of a 1957 armed robbery conviction upon which a current three-year recidivist sentence is partially based.[1] The district court denied relief, and we affirm.

Johnson directs four assignments of error at his 1957 conviction: (1) The systematic exclusion of black people from the grand jury that indicted him; (2) denial of his right of appeal; (3) ineffective assistance of

---

* Circuit Judge Craven participated in the decision of this case but died before the opinion was prepared.

1. The Virginia recidivist statute is Va.Code Ann. § 53–296. Petitioner has been discharged from his 1957 conviction, and is presently serving sentences for a 1970 conviction for possession and sale of narcotics, and a 1971 conviction for possession of a controlled drug. Although the recidivist statute requires a total of only two convictions to be applicable, we consider the validity of the 1957 conviction to be in issue since it was included in the recidivist information, and could have played a part in the sentence imposed for recidivism. The petitioner is presently on parole.

**314**

counsel at the appellate stage of the proceedings; and (4) the use of an impermissibly suggestive identification procedure consisting of a pre-trial showup.

I

*Grand Jury Selection*

■ Petitioner is precluded from raising the issue of the exclusion of black people from the grand jury that indicted him in 1957. Under State law, such an issue must be raised at a preliminary stage of the original State court proceeding, prior to the time a plea is entered on the merits, or else the objection is waived. *Bailey v. Commonwealth,* 193 Va. 814, 71 S.E.2d 368 (1952). Petitioner having raised this issue for the first time 17 years after his trial and conviction, his objection was waived under State law, and cannot, under the facts before us, be asserted now in a federal habeas corpus proceeding. *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Neither cause for the failure to raise the point at the time nor actual prejudice has been shown here. *Francis,* p. 542, 96 S.Ct. 1708.

II

*Right to Appeal and Ineffective Assistance of Counsel*

■ Although petitioner's brief phrases this aspect of the case in terms of denial of a right to appeal and ineffective assistance of counsel, both of these claims share the same factual basis, that petitioner told his appointed counsel that he wished to appeal his 1957 conviction but that counsel failed to follow through on the request.

Petitioner chose to raise these claims for the first time seventeen years after his trial and conviction, although nothing prevented him from doing so at a time when the State might have had a chance of reconstructing the record and surrounding events in an effort to explain why an appeal was never filed. We agree with the district court that petitioner's contention is raised too late to avail him. See *Lunnermon v. Peyton,* 310 F.Supp. 323 (W.D.Va.1970), aff'd per curiam in 440 F.2d 774 (4th Cir. 1971).

While in other contexts substantial delays in seeking habeas corpus relief have not precluded consideration of the points raised, see, e.g., *Garland v. Cox,* 472 F.2d 875 (4th Cir. 1973); *Hairston v. Cox,* 459 F.2d 1382 (4th Cir. 1972), in neither case cited was there so great, and so unjustified, a potential for prejudice to the Commonwealth. In *Garland,* for example, it was undisputed that petitioner's counsel had first been appointed the day of the trial, raising a strong presumption of ineffective assistance. And in *Hairston,* a case arising prior to *Francis v. Henderson, supra,* there was ample opportunity to gather evidence pertaining to the long standing practice of unconstitutionally excluding black people from grand jury service.

In the present case, in contrast, we have only petitioner's allegation that he requested an appeal, and that counsel failed to perfect one. Based on this allegation, easily made after 17 years of silence but obviously difficult to disprove, petitioner would have us remand for an evidentiary hearing, where, presumably, the State should be required to rebut what, on its face, is a claim that might entitle petitioner to the relief he seeks. If the State were shown to have a reasonable opportunity to make the kind of factual reconstruction necessary to such a task, that might be another case, but nothing in the record suggests the opportunity exists after a lapse of 17 years.

In arriving at our decision, we also give weight to the fact that petitioner makes no effort to explain or to justify the delay. Indeed, he did not even challenge the conviction now before us at the recidivist proceeding itself in 1971, where, generally, the only defense is the invalidity of a previous conviction. *Smith v. Superintendent,* 214 Va. 359, 200 S.E.2d 523 (1973). This failure is given added significance in this case because, in response to the State's contention that he still has available a State habeas corpus remedy by asserting the ineffective assistance of counsel at the 1971 recidivist proceeding, the petitioner here denies that he was ineffectively represented in the re-

cidivist proceeding in 1971, thus admitting effective representation in the very proceeding from which came the sentence he is attacking. Because his admittedly effective counsel did not assert the invalidity of the 1957 conviction, we may only assume that in 1971 the petitioner did not have reason to believe his 1957 conviction was invalid because of any denied right to appeal, and, in the context we find the omission here, it must weigh heavily against the petitioner's position. It would be strange indeed that an admittedly effective attorney did not assert a good defense, and no explanation for this omission is offered by petitioner. His argument, in explanation, that at that time (1971) he might have proceeded to review this matter either by habeas corpus or by appeal, see *Smith*, 200 S.E.2d at 524, is belied by the fact that he did not file his State petition for habeas corpus until 1974, some three years after the conviction. And this although he was admittedly represented by a competent attorney. We also note that petitioner is now on parole, thus negating any potential practical disability which might be attached to confinement.

We do not downgrade the difficulties these allegations present. But we also cannot ignore the fact that they were largely engendered by the petitioner himself in waiting so long to raise his claims, in circumstances where a detailed factual reconstruction necessary to test the validity of those claims would be most difficult, if not possible.[1] In these circumstances, we hold that petitioner's objections must be deemed waived.

### III

*The Show-Up*

Petitioner claims that a pre-trial identification procedure, at which he was identified as the perpetrator of the robbery, was so unduly suggestive as to create a substantial likelihood of misidentification. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The facts cited in support of this claim were that petitioner was shown singly to the victim of the crime, rather than as part of a line-up, and that several police officers were present as well.

To be sure, the show-up may not be a favored procedure. See *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). But it is equally clear that the use of such a procedure does not necessarily violate due process; such a determination can only be made by reference to the totality of circumstances. *Stovall, supra*, at 302, 87 S.Ct. 1967.

The general allegation advanced by petitioner that the show-up was impermissibly suggestive derives factual support only from the mere fact of the use of the show-up itself. No supporting facts relating to the totality of circumstances are brought to our attention. Surely the fact that police officers were present is insufficient, when the identification occurred in a police station and petitioner was being held on an unrelated charge.

We therefore hold that petitioner's general, unsupported allegations are insufficient to make out a prima facie case of unconstitutional identification.

The judgment of the district court denying the writ of habeas corpus is

AFFIRMED.

---

1. The Twenty-Fourth Annual Report of the Virginia State Bar For the Year Ending June 30, 1962 shows that Philip Whitfield, the attorney in the 1957 conviction, died during that fiscal year.