Fred H. SILVA

v.

Robert F. ZAHRADNICK and Attorney General.

Civ. A. No. 75–0084–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 31, 1978.

---

Edwin Gadberry, III, Richmond, Va., Court Appointed, for plaintiff.

Robert H. Herring, Jr., Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, Fred H. Silva, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is presently incarcerated in the Virginia State Penitentiary pursuant to a September 18, 1973 conviction in the Circuit Court of Bedford County on the charge of statutory burglary. Following that conviction, he was convicted of being a fourth time recidivist pursuant to Virginia Code § 53–296. In the instant action petitioner challenges his conviction of January 25, 1954 in the Hustings Court, Part I, of the City of Richmond for statutory burglary and grand larceny. Since petitioner's fourth recidivist conviction may have rested at least in part upon his 1954 conviction, he is "in custody" within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a). *Silva v. Zahradnick*, 565 F.2d 158 (4th Cir., 1977). As petitioner has met all of the other jurisdictional prerequisites of an action under § 2254, the Court will consider the merits of his claims.

Petitioner contends that his 1954 conviction is invalid because he was not afforded effective assistance of counsel and was denied the right of appeal. In particular, petitioner alleges that his counsel at the 1954 trial was ineffective because (1) although counsel heard eye-witness testimony at a pretrial hearing which petitioner believed to describe a physical impossibility, counsel did not act upon petitioner's request to hire a surveyor to plat the scene of the crime in an effort to show that the eye-witness's view of the crime was in fact totally obstructed; and (2) counsel failed to retain a court reporter for the trial to preserve the eye-witness's implausible testimony for appeal. Petitioner further claims that he was denied the right of appeal because the attorney whom his sister had retained for purposes of appeal declined to bring an appeal and refunded a portion of his paid retainer.

The record reflects, however, that petitioner's trial counsel, whose testimony would be essential, passed away some sixteen years ago. Moreover, counsel whom petitioner contends was the only attorney retained to appeal the conviction either lost or destroyed his notes some five or ten years after the 1954 trial. Under these circumstances, the Court concludes that petitioner's twenty-one year delay in bringing the instant action has substantially deprived the State of the opportunity to rebut the allegations. Since the petitioner has advanced no reason for this long and prejudicial delay, the Court concludes that the governing rules and case law require that the petition be dismissed.

Rule 9(a) of the rules governing cases under 28 U.S.C. § 2254 reads as follows:

*Delayed Petitions.* A petition may be dismissed if it appears that the state, of which the respondent is an officer, has been prejudiced in its ability to respond

to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

The Advisory Committee Note explaining Rule 9(a) indicates that it is designed for precisely the type of situation presented by the instant case. The Advisory Committee states:

> This rule is intended to minimize abuse of the writ of habeas corpus by limiting the right to assert stale claims   .   .   .
>
> Subdivision (a) provides that a petition attacking the judgment of a state court may be dismissed on the grounds of delay if the petitioner knew or should have known of the existence of the grounds he is presently asserting in the petition and the delay has resulted in the state being prejudiced in its ability to respond to the petition.
>
>   .   .   .   The grounds most often troublesome to the courts are *ineffective counsel, denial of right of appeal*, plea of guilty unlawfully induced, use of a coerced confession, and illegally constituted jury   .   .   .   When they are asserted after the passage of many years, both the attorney for the defendant and the state have difficulty in ascertaining what the facts are. It often develops that the defense attorney has little or no recollection as to what took place and that many of the participants in the trial are dead or their whereabouts unknown.   .   .   .   As a consequence, there is obvious difficulty in investigating petitioner's allegations. [Emphasis added.]

The instant case mirrors the situation that Rule 9(a) seeks to avoid. The petitioner has waited twenty-one years after the challenged trial to file this action. He alleges ineffective assistance of counsel and denial of the right of appeal, two of the grounds "most often troublesome to the courts." The State will have "obvious difficulty in investigating petitioner's allegations" because petitioner's trial counsel died more than fifteen years ago and his appel-

late counsel long ago lost or destroyed his notes, leaving him "little or no recollection as to what took place." Respondent is thus "prejudiced in its ability to respond to the petition by delay in its filing." Under Rule 9(a), therefore, the petition may be dismissed "unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

In the instant case petitioner can make no such showing. Indeed, he does not even attempt to explain the delay. Petitioner apparently knew every material fact in his allegations within a matter of months after his 1954 conviction. He gives no reason why he could not have brought this action prior to the death of his trial counsel in 1962, which even then would have been eight years after the trial. Obviously, the death of the petitioner's trial counsel severely hampered the State's ability to respond to petitioner's allegations. Trial counsel's testimony would be essential to the State in rebutting petitioner's claims of ineffective assistance of counsel. Additionally, trial counsel's testimony would be essential to the State in rebutting petitioner's claim that he was denied the right of appeal, because petitioner's appellate counsel has stated that he and petitioner's trial counsel worked together on researching the possibilities for an appeal and jointly concluded that there were no grounds on which an appeal could be justifiably based. As petitioner has made no showing that he could not have filed his petition before the circumstances prejudicial to the State occurred, the Court may dismiss the petition because of the prejudice which the State has suffered by the delay.

Dismissal under Rule 9, however, is discretionary, not mandatory. The rule says that the petition "may" be dismissed, not that it must be dismissed. Nevertheless, the United States Court of Appeals for the Fourth Circuit has left no question concerning the manner in which a trial court should exercise its discretion in a case such as this.

In *Johnson v. Riddle*, 562 F.2d 312 (4th Cir. 1977), the Court of Appeals considered a habeas corpus petition closely parallel to the instant one. The petitioner in *Johnson* was a parolee who had been convicted under Virginia's recidivist statute. In 1974, he filed a habeas action challenging the validity of a 1957 armed robbery conviction on which his recidivist sentence was partially based. Among his contentions were ineffective assistance of counsel and denial of the right of appeal. Johnson's trial counsel, however, had died sometime in 1961 or 1962. The district court concluded that the State was prejudiced in its ability to respond to the petitioner's claim and denied the writ of habeas corpus. The United States Court of Appeals for the Fourth Circuit affirmed. Using language that fully applies to the case presently before the Court, the Fourth Circuit stated:

Petitioner chose to raise these claims for the first time seventeen years after his trial and conviction, although nothing prevented him from doing so at a time when the State might have had a chance of reconstructing the record and surrounding events in an effort to explain why an appeal was never filed. We agree with the district court that petitioner's contention is raised too late to avail him. [Citation omitted.]

. . . . .

In arriving at our decision, we also give weight to the fact that petitioner makes no effort to explain or to justify the delay.

. . . . .

We do not downgrade the difficulties these allegations present. But we also cannot ignore the fact that they were largely engendered by the petitioner himself in waiting so long to raise his claims, in circumstances where a detailed factual reconstruction necessary to test the validity of those claims would be most difficult, if not impossible. [Footnote omitted.] In these circumstances, we hold

that petitioner's objections must be deemed waived.
562 F.2d at 314–15.

Counsel for petitioner argues that *Johnson v. Riddle* should not be controlling in the instant case because in *Johnson* the petitioner's claims were based on only a single conversation with his attorney, whereas in the instant case petitioner's claims are based on numerous contacts with his attorneys. In the Court's view, however, the opinion in *Johnson v. Riddle* did not turn on the strength or credibility of the petitioner's allegations. Rather, it focused on the prejudice to the State caused by petitioner's seventeen year delay in filing. In the instant case, the delay has been even longer and the prejudice to the State at least as great. Lacking any evidence of any justification for the delay, the Court believes that the petition must be dismissed.[1]

An appropriate order will issue.

---

1. The Court wishes to express its appreciation to petitioner's court-appointed counsel in the instant case, Mr. Edwin Gadberry, III, for his thorough and conscientious efforts on behalf of the petitioner.