**Edward G. GARLAND, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–4–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

April 29, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Edward G. Garland, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order filed March 6, 1970.

■ Petitioner attacks a judgment of the Circuit Court of the City of Waynesboro imposed on November 14, 1955, wherein he was convicted on five counts of forgery. Petitioner has fully served these sentences and is currently serving a recidivist sentence of nine years. Petitioner may attack these fully served forgery convictions because the recidivist conviction is founded thereon. Cf. Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966).

Petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254. No appeal was taken from these convictions. On May 28, 1968, he did file a petition for a writ of habeas corpus in the Circuit Court of the City of Waynesboro. The writ was denied and dismissed. On December 3, 1969, the Virginia Supreme Court of Appeals affirmed that judgment.

In the present petition, only one claim is made. Petitioner alleges a denial of effective representation of counsel arising from counsel's appointment on the day of trial.

The record shows that counsel was in fact appointed on the day of trial. Petitioner alleges that counsel discussed the case with him for 15 to 20 minutes. Due to the death of counsel, the record does not disclose any action counsel took on behalf of petitioner.

■■ A prima facie case of ineffective representation of counsel is made by showing late appointment of counsel. Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967); Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967). But where the record contains adequate affirmative proof that the petitioner was not prejudiced despite the lack of time for preparation, the court will not find a denial of effective representation. Fields v. Peyton, *supra*. The state's best evidence for rebutting this prima facie case would be through the testimony of the petitioner's counsel. Counsel had the best opportunity to know how strong the evidence appeared and what defenses were available. His testimony is vital in determining how thoroughly he investigated the underlying evidence. His testimony would also be valuable in demonstrating whether petitioner understood his plea and whether he voluntarily and intelligently gave up any of his rights.

■ An unreasonable and unjustified delay by a petitioner in making a claim may not be used to the disadvantage of the state. See Wade v. Peyton, 378 F.2d 50 (4th Cir. 1967). The present claim was not presented until almost 15 years after the conviction, and after the death of petitioner's counsel. It is clear that the state has been prejudiced with regard to petitioner's delay in making this claim—its chance for effective rebuttal evidence died with petitioner's counsel.

■ Petitioner will not be allowed to make out a prima facie case under *Fields* when his lack of diligence removed the possibility of meaningful rebuttal evidence. In these circumstances, the petitioner will be required to carry the burden of proving prejudice due to the late appointment of counsel.

■ Petitioner has not carried the burden of proving prejudice in the present case. He has not raised any factual allegations which show that counsel needed more time to prepare the defense. He does not deny being a party to the crimes. His only defense was that he did not know whether he or his co-conspirator did the actual forging of particular checks. Petitioner has offered no mitigating circumstances with regard to these crimes.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.