924 F.2d 1052
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Wayne JORDAN, Petitioner-Appellant,
v.
T.L. BARNETT; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 89-6854.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 28, 1990.
Decided Feb. 11, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-89-731-HC-H)
 David Wayne Jordan, appellant pro se.
 E.D.N.C.
 DISMISSED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Wayne Jordan appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. Because we find that Jordan's claims lack merit, we deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Jordan was convicted by a New Hanover County, North Carolina, jury on October 30, 1986, of taking indecent liberties with a minor. On January 29, 1987, he pled guilty to first-degree sex offense and to first-degree sexual exploitation of a minor. The New Hanover County Superior Court denied Jordan's motion for appropriate relief raising the same grounds advanced in the instant Sec. 2254 petition. The North Carolina Supreme Court denied Jordan's petition for certiorari.
 
 
 3
 Jordan then filed his Sec. 2254 petition. The district court found that consideration of claims challenging Jordan's jury conviction was procedurally barred because he had failed to perfect a timely appeal. The court noted, however, that none of Jordan's claims had merit, as was evidenced by its discussion of Jordan's challenge to his convictions pursuant to his guilty pleas.
 
 
 4
 The court's application of the procedural bar was in error. There is nothing in the record as it now stands to suggest that the last court to consider Jordan's claims expressly applied a procedural bar to foreclose consideration of the merits of those claims. The record contains a partial ruling by the New Hanover County Superior Court on certain of the claims raised in Jordan's motion for appropriate relief, which reflects disposition of those claims on the merits. The North Carolina Supreme Court denied the petition for certiorari to the New Hanover County Superior Court without comment. See Harris v. Reed, 489 U.S. 255 (1989).
 
 
 5
 We find that Jordan's challenge to a search warrant is without merit because he had a full and fair opportunity to litigate the matter at trial. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). The transcript of plea belies his assertion that he was misled as to the sentence he might receive. In light of the evidence against Jordan, counsel's urging a guilty plea was not error. Counsel was not ineffective for failing to interview certain "alibi" witnesses or the victim's examining physician. The witnesses could not have accounted for Jordan's activities and whereabouts during the entire time periods at issue. The physician presumably would have testified that examination of the victim did not disclose whether penetration had occurred and revealed no injuries to the victim. However, neither physical injury nor penetration was alleged to have occurred.
 
 
 6
 Jordan's allegation that his attorney met with him only twice prior to trial fails because no actual prejudice was alleged. Cf. Praylow v. Martin, 761 F.2d 179 (4th Cir.), cert. denied, 474 U.S. 1009 (1985). Contrary to Jordan's assertion, force was not an element of the first-degree sexual offense to which he pled guilty. See N.C.Gen.Stat. Sec. 14-27.4(a)(1). Finally, Jordan's equal protection challenge to the selection of grand jury foremen fails under Teague v. Lane, 489 U.S. 288 (1989).
 
 
 7
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 DISMISSED