**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-1260**

———————

SARA MOORE,

                Plaintiff - Appellant,

      v.

ANDREW SAUL, Commissioner of Social Security,

                Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:19-cv-00161-AJT-JFA)

———————

Submitted: August 18, 2020                 Decided: August 26, 2020

———————

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Clifford M. Farrell, MANRING & FARRELL, Columbus, Ohio, for Appellant. G. Zachary Terwilliger, United States Attorney, Meghan Loftus, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sara Moore appeals from the district court's order adopting the report and recommendation of the magistrate judge and upholding the Commissioner's denial of disability insurance benefits. On appeal, she challenges the Administrative Law Judge's (ALJ) analysis of certain medical opinions in the record. We affirm.

We must affirm a Social Security Administration disability determination if the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). We may not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (internal quotation marks omitted).

I.

Moore first contends that the ALJ erred in failing to explicitly consider the portion of Jeffrey Wilken, Ph.D.'s medical opinion that included work accommodation suggestions. Moore does not dispute that the ALJ was free to reject this portion of Wilken's opinion; instead, she asserts that the ALJ was required to explicitly address this portion of the opinion and explain why all the accommodations were not adopted as part of her residual functional capacity ("RFC").

"[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating physicians so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (brackets and internal quotation marks omitted). When the ALJ does not give controlling weight to a treating source's opinion, the ALJ must consider this nonexclusive list of factors to determine what weight to give the opinion of the treating source and all other medical opinions in the record: (1) examining relationship, (2) treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) specialization of the physician. 20 C.F.R. § 404.1527(c)(2)-(6); *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion." SSR 96-2p, 61 Fed. Reg. 34,490, 34,492 (July 2, 1996). We "cannot determine if findings are unsupported by substantial evidence unless the [ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

However, when the ALJ explains the RFC determination, and the unweighed opinions are consistent with the RFC and the medical evidence in the record, failure to weigh each opinion does not warrant remand. In addition, "an ALJ is not required to discuss every piece of evidence submitted." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *see also Brault v. SSA,* 683 F.3d 443, 448 (2d Cir. 2012) (same). Moreover, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not

3

considered." *Black,* 143 F.3d at 386. When the ALJ specifically references certain findings in a medical opinion, it is "highly unlikely that the ALJ did not consider and reject" other portions of the opinion, which were not mentioned but were inconsistent with RFC. *Wildman v. Astrue,* 596 F.3d 959, 966 (8th Cir. 2010).

In this case, the ALJ considered Wilken's opinion in a detailed manner and gave it great weight. The ALJ noted that Wilken concluded that, with regard to learning and memory, Moore's performance was within the expected range and she had not suffered abnormal memory loss. The ALJ compared Wilken's observations and evaluations of Moore with Wilken's written opinion and found them to be in alignment. In addition, the ALJ utilized Wilken's report in determining Moore's mental functioning and in determining the weight to give another doctor's report.

While the ALJ did not directly address Wilken's list of possible work accommodations, these accommodations do not appear to be limitations on Moore's ability to work. Wilken stated that Moore "likely would benefit" from the accommodations but does not conclude that Moore would be unable to work without them. In addition, the accommodations were only recommended if Moore returned to work shortly after the examination date; however, Wilken suggested that Moore participate in formal cognitive rehabilitation/remediation treatment (instead of immediately going back to work), after which she would presumably not need accommodations. *See Wildman,* 596 F.3d at 959 (noting that, "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling").

4

Finally, many of the accommodations are either consistent with the RFC or irrelevant given the RFC. Specifically, the unskilled, low stress jobs, on which the ALJ predicated his finding that Moore was not disabled, simply do not contemplate "tasks with a high cognitive load," "important meetings or conversations," multi-tasking, or work that requires editing of written work by "trusted colleagues," as mentioned in the accommodations. Many of the "accommodations" delineated in Wilken's report were largely predicated on work of a more challenging nature, which the ALJ eliminated altogether.

Thus, we find that the ALJ properly considered and weighed Wilken's opinion. While the ALJ did not explicitly address each of the accommodations, it is unreasonable to expect that the ALJ will recite every recommendation in every opinion and provide different reasoning for accepting or rejecting each portion. Short-term, possible accommodations were generally irrelevant to Moore's RFC and, as such, the failure to explicitly address them was not error.

## II.

Next, Moore asserts that the ALJ erred in determining that David Wolfe, M.D.'s opinion on a check-box questionnaire about fibromyalgia would be given little weight. Specifically, Moore contends that the ALJ's reasoning—that Wolfe's opinion was inconsistent with the objective evidence—was not appropriate because Moore has fibromyalgia, which does not always present objectively measurable symptoms.

The relevant regulation "promises that the ALJ will always give good reasons in his decision for the weight he gives [the claimant's] treating source's medical opinion."

*Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 256 (4th Cir. 2017) (brackets and internal quotation marks omitted). "While the diagnoses of . . . fibromyalgia may not lend [itself] to objective clinical findings, the physical limitations imposed by the symptoms of such illnesses do lend themselves to objective analysis." *Boardman v. Prudential Ins. Co. of Am.*, 337 F.3d 9, 16 n.5 (1st Cir. 2003).

Here, Wolfe determined that Moore suffered from "fibromyalgia superimposed on cervical, thoracic, and lumbar spondylosis/disk disease." (J.A 1675). This diagnosis was arrived at after testing to see if Moore's pain was based on fibromyalgia "exclusively." (J.A. 1681). Further, on the questionnaire at issue, Wolfe noted that Moore was diagnosed with both fibromyalgia and lumbar radiculopathy.

Wolfe's treatment notes show an objective physical condition intensified by fibromyalgia. Thus, the objective evidence in the record regarding Moore's normal motor strength, coordination, and gait was clearly relevant to a determination of what weight to give Wolfe's opinion. Notably, the ALJ did not reject Wolfe's opinion but simply found that Moore's limitations were not as severe as Wolfe opined given that the other evidence in the record supported the conclusions that Wolfe's neck and back issues would not limit Moore from light work. Further, the ALJ's consideration of Wolfe's fibromyalgia diagnosis was made after a discussion of other treating and non-treating doctors' conclusions that Wolfe's fibromyalgia did not prevent her from sustaining light work. As such, the ALJ's reasoning for giving certain of Wolfe's opinions little weight was appropriate.

III.

Finally, Moore challenges the ALJ's treatment of Chester Day, M.D.'s medical opinion. The Commissioner contends that Moore has waived this challenge due to her failure to object to the ALJ's findings on this issue in her objections to the magistrate judge's report. Failure to file specific, written objections to a magistrate judge's report and recommendation constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district court. *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Failure to object to a specific issue waives the right to appeal the court's ruling on that issue. *See Praylow v. Martin*, 761 F.2d 179, 180 n.1 (4th Cir. 1985) (failure to object to magistrate judge's factual finding waived appeal of that finding); *accord Crum v. Sullivan*, 921 F.2d 642, 645 (6th Cir. 1990) (holding that failure to object to one issue in a report precludes raising that issue, even if objections filed on other issues); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988) (court can assume that litigant acquiesces in portions of magistrate judge's report to which he does not object).

Moore asserts that she properly objected to the magistrate judge's conclusion that the ALJ's analysis of Day's medical opinion was appropriate. In her objections, Moore's second issue was titled: "THE ALJ FAILED TO PROVIDE GOOD REASONS FOR ACCORDING LESS THAN CONTROLLING WEIGHT TO MS. MOORE'S TREATING DOCTORS." Although Moore never mentioned Day at any point in her objections, she asserts that this issue's language was broad enough to include her claim regarding Day.

7

Moore's assertion is without merit.  Moore did not direct the district court to any errors in the magistrate judge's report regarding Day, and thus, her objection was general at best.  As such, Moore has waived appellate review of this claim.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*