Rose M. TAYLOR, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary, Department
of Health and Human Services,
Defendant-Appellee.

No. 86–1613.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1987.

Decided June 29, 1987.

Willie Joe Richardson, Jr., Richmond, Va., for plaintiff-appellant.

Deborah Fitzgerald, Asst. Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Philadelphia, Pa., Charlotte Hardnett, Supervisory Asst., Regional Counsel, Washington, D.C., Henry E. Hudson, U.S. Atty., Alexandria, Va., G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., on brief), for defendant-appellee.

Before WINTER, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Rose Taylor claimed entitlement to social security disability benefits and was found by the administrative law judge, whose decision became that of the Secretary, not to suffer from a severe medical impairment. The administrative law judge concluded that her claim failed to survive step two of the five-step sequential process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920. She appealed to the district court which referred the case to a magistrate. The magistrate concluded that the Secretary's opinion was supported by substantial evidence, and he drafted a proposed memorandum and opinion affirming the Secretary's denial of benefits. Notwithstanding notice of her right to do so, the claimant filed no objections to the magistrate's recommendation. The district court awarded summary judgment to the Secretary on the ground that claimant had failed to file any objections to the magistrate's proposed memorandum and opinion, and it adopted the magistrate's proposed opinion.

After argument, we stayed decision of claimant's appeal until the Supreme Court decided *Bowen v. Yuckert,* —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). *Yuckert* has now been decided, and we proceed to decision in this case.

Claimant is barred from appealing the judgment of the district court adopting the magistrate's findings because she failed to file timely objections to the magistrate's report after receiving notice of her right to do so. *Praylow v. Martin,*[1] 761 F.2d 179 (4 Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985); *Carr v. Hutto,* 737 F.2d 433 (4 Cir.1984), *cert. denied,* 106 S.Ct. 567, 88 L.Ed.2d 552 (1985). The Supreme Court has upheld the validity of this procedural rule. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

The only basis on which claimant might have prevailed was if it were concluded that the Secretary's "severity regulation," under which she was found not to suffer from a severe medical impairment, was invalid. But *Yuckert* has held that the regu-

lation is valid, and claimant therefore has no case.

AFFIRMED.