**Harold WELLS; Richard Oeland, Plaintiffs–Appellants,**

v.

**SHRINERS HOSPTIAL, Defendant–Appellee.**

No. 96–1852.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 30, 1997.

Decided March 19, 1997.

**ARGUED:** John Andrew Williams, Greenville, SC, for Appellants. Kristofer Karl Strasser, Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P., Greenville, SC, for Appellee. **ON BRIEF:** Steven M. Wynkoop, Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P., Greenville, SC, for Appellee.

Before WILKINSON, Chief Judge, and HAMILTON and MICHAEL, Circuit Judges.

Dismissed by published opinion. Chief Judge WILKSON wrote the opinion, in which Judge HAMILTON and Judge MICHAEL joined.

## OPINION

WILKINSON, Chief Judge:

Richard Oeland and Harold Wells sued their former employer, Shriners Hospital for Crippled Children, for violations of various federal statutes. The district judge entered summary judgment in favor of Shriners, based on the report and recommendation of a magistrate judge. Oeland and Wells failed to file objections to the magistrate's report and recommendation with the district court. They claim that this failure should not waive their right to an appeal because the magis-

---

trate's report did not provide them notice of the 10–day objections deadline and of the consequences for failing to object. As counselled parties, however, Oeland and Wells received ample notice by way of statute, the Federal Rules, and extensive circuit precedent of the deadline for filing objections and the consequences for noncompliance. Accordingly, we dismiss their appeal.

## I.

Richard Oeland and Harold Wells both performed janitorial work for Shriners Hospital. Oeland was fired when he was found working at McDonald's on a day he was claiming medical leave from the hospital. Oeland contends that his dismissal was actually in retaliation for his support of a fellow employee's lawsuit against the hospital. Wells similarly claims that the hospital intentionally misplaced one of his vacation requests and unfairly criticized him for receiving too many outside telephone calls, all because he supported the same lawsuit.

Oeland and Wells sued Shriners Hospital on June 29, 1995, alleging that they had suffered retaliation in violation of the Fair Labor Standards Act, the Employment Retirement Income Security Act, and the Americans with Disabilities Act. The district court referred the case, under 28 U.S.C. § 636(b)(1)(B), to a magistrate judge, who found that Shriners had not retaliated against the two men and recommended that the district court grant summary judgment in favor of the hospital. Oeland and Wells, who were represented by counsel throughout these proceedings, failed to file any objections to the magistrate judge's report and recommendation, which was then adopted by the district court on May 13, 1996. The two men filed a notice of appeal to this court on June 12, 1996. Shriners moved to dismiss the appeal due to appellants' failure to object to the magistrate's report and recommendation.

## II.

The Federal Magistrates Act provides that: "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). In almost identical language, Rule 72(b) of the Federal Rules of Civil Procedure reiterates that deadline: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations."

■ Acknowledging that the ten-day limit is clearly set forth, appellants focus on the word "may," arguing that this word indicates only that parties are permitted to file objections to the magistrate's report if they so desire. This is true as far as it goes. If a party exercises his option not to file objections, however, he also chooses to waive his appeal. In this circuit, as in others, "a party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration." *Park Motor Mart v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980); *accord United States v. Schronce*, 727 F.2d 91 (4th Cir.1984); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir.1981).

Our cases are replete with warnings that the consequence of failing to file objections is waiver of the right to appeal. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir.1989) (tort defendant who failed to file objections to magistrate's report waived appeal); *Taylor v. Bowen*, 821 F.2d 985 (4th Cir.1987) (disability claimant who failed to file objections to magistrate's report waived appeal); *Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.1985) (party which failed to file an objection to a particular point in magistrate's finding waived appeal on that point); *Schronce*, 727 F.2d 91 (prisoner who failed to file objections to magistrate's report waived appeal); *Carr v. Hutto*, 737 F.2d 433 (4th Cir.1984) (prisoner who objected to magistrate's report after deadline waived appeal); *cf. Nantahala Village, Inc. v. NCNB National Bank*, 976 F.2d 876 (4th Cir.1992) (debtor who failed to file objections to bankruptcy court's recommendations waived appeal).

■ Appellants contend, however, that they may not be held to have waived their appeal because the magistrate's report failed

to inform them of the deadline and the consequences for missing it. It is true that pro se litigants may be entitled to notice from the court on the need to file timely objections. *See, e.g., Wright v. Collins,* 766 F.2d 841 (4th Cir.1985). The rule, however, is different for counselled parties.

Oeland and Wells were represented by counsel throughout this case. While a clerk's office seeks to aid and assist attorneys with practice before the court, it is likewise entitled to assume that attorneys are capable of finding and following the law. The office of the clerk for the District of South Carolina, where this case originated, apparently proceeds on this assumption—it sends a written notice of the 10–day rule only when a litigant is not represented by counsel. That is within the discretion of the court. A court is under no obligation to advise every lawyer of every deadline for every proceeding—much less of every consequence should the deadline be missed or ignored. The 10–day deadline is hardly obscure, and a court may count upon attorneys to consult readily available court procedures along with any accompanying caselaw.

The Supreme Court has authorized the waiver rule that we enforce. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The Court held "that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired." *Id.* at 155, 106 S.Ct. at 475. Oeland and Wells contend that *Thomas* requires that the magistrate's report itself include notice of both the 10–day period for filing objections and the consequences of failing to file such objections. Although the appellant in *Thomas* had received explicit notice in the magistrate's report, we do not read that decision to hold that this form of notice was required. *Id.* We believe that the Magistrates Act, the Federal Rules, and Fourth Circuit precedent provided more than sufficient notice to Oeland and Wells.

Indeed, both the Supreme Court and this circuit have noted that the waiver rule advances the purposes of the Federal Magis-

trates Act. *Thomas,* 474 U.S. at 152–53, 106 S.Ct. at 473–74; *Schronce,* 727 F.2d at 94. It allows district courts to assign work to magistrate judges while reserving for themselves final authority over the judgments. The absence of a waiver rule would "impose a serious incongruity on the district court's decision-making process—vesting it with the duty to decide issues based on the magistrate's findings but depriving it of the opportunity to correct those findings when the litigant has identified a possible error." *Schronce,* 727 F.2d at 94. Further, without a waiver rule, "[l]itigants would have no incentive to make objections at the trial level; in fact they might even be encouraged to bypass the district court entirely, even though Congress has lodged the primary responsibility for supervision of federal magistrates' functions with that judicial body." *Id.*

The instant case illustrates the point. Counsel for Oeland and Wells revealed at oral argument that he had no intention of providing the district court a meaningful opportunity to consider Oeland and Wells' contentions. He declared that even if he had known the consequences of not filing objections, he would have "filed just boilerplate objections just to have been able to preserve any sort of objections for appeal." That is the very disregard for the role of district courts that the waiver rule is designed to combat. As the Supreme Court explained in *Thomas,* "by precluding appellate review of any issue not contained in objections[, the waiver rule] prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." 474 U.S. at 147–48, 106 S.Ct. at 471.

The Supreme Court also noted that objections filed in the district court help narrow the issues for consideration by the district judge and lend focus to appeals, thereby advancing "sound considerations of judicial economy." *Thomas,* 474 U.S. at 147, 106 S.Ct. at 471. "Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution." *Id.* at 153, 106 S.Ct. at 474.

The law in this circuit is clear. If written objections to a magistrate judge's recommendations are not filed with the district court within ten days, a party waives its right to an appeal. No such objections were filed in this case, and the appeal is accordingly dismissed.*

*DISMISSED.*

---

\* The claims of Oeland and Wells appear without merit in all events, "but because [their] failure to file written objections is dispositive, we discuss only that issue." *Schronce,* 727 F.2d at 92.