**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 96-4664

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY LAMONTE EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-95-184)

Submitted: July 15, 1997          Decided: August 21, 1997

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edwin M. Hardy, Washington, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Cynthia E. Tompkins, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory Evans appeals his conviction and sentence for possession with intent to distribute more than fifty grams of crack cocaine and 1,193 grams of marihuana.[1] Evans claims that the district court erred by denying his motion to suppress drugs found in a car in which he was a passenger. Specifically, he contends that the police violated his constitutional rights by stopping and searching the vehicle based upon an anonymous tip. Finding that Evans waived appellate review, we affirm Evans' conviction and sentence.

On May 8, 1995, the Wilson, North Carolina, police received a tip that Gregory Evans, a known drug dealer, would transport a large amount of crack cocaine from Raleigh to Wilson at approximately 11:00 p.m. that evening. The caller told the police that Evans would be traveling in a white Mercedes with expensive tires and rims, and that the car had a North Carolina license plate with the first three letters being "GTP." Additionally, the caller informed police that the cocaine would likely be located in the trunk of the Mercedes.

At approximately 11:00 p.m. on a major highway linking Raleigh and Wilson, police officers stopped a white Mercedes with expensive tires and rims, and a North Carolina license plate beginning with the letters "GTP." As the officers approached the vehicle, they recognized the passenger as Gregory Evans. The officers requested that Evans and the driver exit the vehicle. Upon exiting the

---

[1] 21 U.S.C. § 841(a) (1994).

vehicle, the officers frisked and handcuffed Evans and the driver; however, the officers informed them that they were not under arrest, but merely being handcuffed for their and the officers' safety. The driver consented to a vehicle search, and a police dog alerted to the inside back seat, right rear door, and trunk area. The police recovered 474 grams of crack cocaine and 1,193 grams of marihuana from the trunk of the automobile.

Evans moved to suppress the drugs recovered from the car. The matter was referred to a magistrate judge.[2] The magistrate judge found that Evans lacked standing to challenge the search and recommended that Evans' motion to suppress be denied. Evans failed to object to the magistrate judge's report, and the district court denied the motion to suppress. Evans now appeals the district court's denial of his motion to suppress.

Evans' appeal is without merit. Evans waived appellate review of this issue by failing to object to the magistrate judge's report and recommendation.[3] In fully counseled cases, the timely filing of objections is necessary to preserve appellate review.[4]

Accordingly, we affirm Evans' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

---

[2] See 28 U.S.C. § 636(b)(1)(B) (1994).

[3] See Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997).

[4] Id.