UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BETH ANN LEA; SAUL E. LEA,
    *Plaintiffs-Appellants,*

v.

M. A. KIRBY, Individually and in his official capacity as Deputy of the Caswell County Sheriff's Department; G. A. BRANDON, Individually and in his official capacity as Deputy of the Caswell County Sheriff's Department,
    *Defendants-Appellees.*

No. 01-2316

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-00-594-1)

Submitted: May 29, 2002

Decided: July 15, 2002

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

Wallace W. Bradsher, Jr., THE BRADSHER LAW FIRM, P.C., Butner, North Carolina, for Appellants. James R. Morgan, Jr., Robert D.

Mason, Jr., WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Beth Ann Lea and Saul Lea ("Plaintiffs") appeal the order of the district court granting Defendants' motion for summary judgment dismissing all of Plaintiffs' claims. We dismiss in part and affirm in part.

Defendants assert an entitlement to partial dismissal of Plaintiffs' appeal because Plaintiffs failed to file objections to those aspects of the magistrate judge's report and recommendation that were adverse to their claims. We agree. *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Wells v. Shriners Hosp.*, 109 F.3d 198 (4th Cir. 1997). Accordingly, we grant Defendants' motion and dismiss all of Plaintiffs' claims brought under 42 U.S.C.A. § 1983 (West Supp. 2001) against Defendants in their official capacities; Plaintiffs' § 1983 claim for assault; Plaintiffs' Fourth Amendment claim for unreasonable search; Plaintiff Beth Ann Lea's § 1983 claim for false arrest; Plaintiffs' § 1983 claim for malicious prosecution; Plaintiffs' state law tort claims for intentional and negligent infliction of emotional distress; and Plaintiff Beth Ann Lea's state law tort claims for false arrest and malicious prosecution.

We review the district court's order granting summary judgment in favor of Defendants as to Plaintiff Saul Lea's claims for false arrest under § 1983 and false arrest and malicious prosecution under North Carolina law de novo. *See Higgins v. E. I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, we assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

With these standards in mind, we affirm the order granting summary judgment in favor of Defendants as to Plaintiff Saul Lea's claims for false arrest under § 1983 and false arrest and malicious prosecution under North Carolina law on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*