# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THOMAS L. COLLIER,
             *Plaintiff-Appellant,*

v.                                                    No. 02-1251

MILLIKEN & COMPANY,
             *Defendant-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CA-01-395-7-20AK)

Submitted: August 28, 2002

Decided: September 25, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John P. Mann, MANN LAW FIRM, L.L.C., Greenville, South Carolina, for Appellant. William Steinhaus, John C. Glancy, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas L. Collier appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment in favor of Milliken & Co., (Milliken), in this action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (2000).* Collier alleged Milliken failed to make a reasonable accommodation for his Bell's Palsy. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We must view the factual evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To establish a prima facie case concerning Milliken's failure to accommodate, Collier must show: (1) he was an individual with a disability within the meaning of the ADA; (2) Milliken had notice of his disability; (3) with reasonable accommodation Collier could perform the essential functions of the position; and (4) Milliken refused to make such accommodations. *See Rhoads v. FDIC*, 257 F.3d 373, 387, n.11 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 122 S. Ct. 1309 (2002).

Initially, Milliken claims Collier's appeal must fail because Collier failed to contest the magistrate judge's finding that Collier did not have a disability. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Wells v. Shriners Hosp.*, 109 F.3d 198, 199-201 (4th

---

*Although in his complaint Collier alleged a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2000), Collier does not challenge the denial of this claim on appeal. Therefore, Collier has abandoned this claim. *See Pleasurecraft Marine Engine Co. v. Thermo Power Corp.*, 272 F.3d 654, 657 (4th Cir. 2001).

Cir. 1997). In his objections to the magistrate judge's report, as recounted by the district court, Collier asserted that the magistrate judge erred in finding that Milliken did not regard him as disabled. Because the disability element of the ADA prima facie case may be satisfied by a showing that the plaintiff is "regarded as having" a physical or mental impairment that qualifies as a disability, 42 U.S.C. § 12102(2)(C), Collier's objection may have been adequate to preserve this issue. We need not resolve this close question, however, because even assuming the adequacy of Collier's objections to the magistrate judge's report, Collier did not show Milliken refused to offer a reasonable accommodation, and thus did not make out a prima facie case.

A review of the record demonstrates Collier's doctor restricted him from working around machines. When Collier's treating physician changed Collier's restrictions, Milliken found an open position it believed complied with these restrictions. Milliken attempted to garner the doctor's opinion, and extended Collier's paid medical leave during this process. Collier refused to accept the position, claiming the job was a physical impossibility. However, his doctor declined to state one way or the other whether Collier could perform the job, and Collier admitted the physical impossibility of the job was his opinion, and not a medical opinion.

Collier argues he was terminated for refusing a job that his doctor specifically stated he should not do; however, this proposition is not supported by the record. Further, Collier does not point to any other job that was open at the time Milliken identified the proposed job as an appropriate position, and in any event, Milliken was not required to offer Collier a job in one of his preferred areas. *Baert v. Euclid Beverage, Ltd.*, 149 F.3d 626, 633 (7th Cir. 1998). Collier failed to show that Milliken refused to offer a reasonable accommodation.

Accordingly, we affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*