UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LINDA ANN TYLER,
                    *Plaintiff-Appellant,*

v.

WILLIAM M. WATES, Mail Clerk;
DEBRA DRENNEN, Class Chairman;
MONICA COUNTS, State Class
Supervisor; MICHAEL OSPSHAL,
Cooper Trust Account; GERALDINE
P. MIRO, Assistant Director; QUEEN
E. HURLEY, Sergeant; MARY J.
TINCH, Sergeant; EDNA FAGGART,
Business Manager; JEFFREY DESHAE
PRICE, Sergeant; DEBRA ALSTON,
Captain; DIANTHA LITWER, Grievance
Coordinator,
                    *Defendants-Appellees.*

No. 03-7187

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Cameron M. Currie, District Judge.
(CA-02-3146-8-22)

Submitted: November 26, 2003

Decided: December 23, 2003

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Linda Ann Tyler, Appellant Pro Se. Steven Michael Pruitt, MCDON-
ALD, PATRICK, TINSLEY, BAGGETT & POSTON, Greenwood,
South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Linda Ann Tyler appeals the district court's order dismissing her
42 U.S.C. § 1983 (2000) complaint. The district court referred this
case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B)
(2000). The magistrate judge recommended that relief be denied and
advised Tyler that failure to file timely, specific objections to this rec-
ommendation could waive appellate review of a district court order
based upon the recommendation.

Despite this warning, Tyler filed only general objections. She made
general complaints about the magistrate judge's handling of the case,
but she did not state how the magistrate judge's actions prejudiced
her. Importantly, she did not dispute that she failed to submit evi-
dence in contravention of the Defendants' motion for summary judg-
ment; she did not allege that she actually suffered a physical injury;
she did not mention any Defendants by name; and she did not show
how her allegations rose to constitutional levels.

A general objection to the entirety of the magistrate judge's report
is tantamount to a failure to object. *Howard v. Secretary of HHS*, 932
F.2d 505, 508-09 (6th Cir. 1991). A failure to object waives appellate
review. *Wells v. Shriner Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997). As
Tyler waived appellate review by failing to file specific objections

after receiving proper notice, we affirm the judgment of the district court.

We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the district court and argument would not aid the decisional process.

*AFFIRMED*