**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1564**

———————

LISA ARTHUR,

Plaintiff - Appellant,

versus

TOWN OF BLACKSTONE, VIRGINIA,

Defendant - Appellee,

and

CLYDE ROTHGEB;   THE   BLACKSTONE   POLICE
DEPARTMENT,

Defendants.

———————

**No. 04-1588**

———————

LISA ARTHUR,

Plaintiff - Appellee,

versus

TOWN OF BLACKSTONE, VIRGINIA,

Defendant - Appellant,

and

CLYDE ROTHGEB; THE BLACKSTONE POLICE
DEPARTMENT,

Defendants.

---

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond. Robert E. Payne, District
Judge. (CA-03-670-3)

---

Submitted: September 29, 2004      Decided: October 14, 2004

---

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

No. 04-1564 affirmed; No. 04-1588 dismissed by unpublished per
curiam opinion.

---

William G. Shields, James A. Eichner, THORSEN & SCHER, L.L.P.,
Richmond, Virginia, for Appellant/Cross-appellee Arthur. Robert A.
Dybing, THOMPSON & McMULLAN, P.C., Richmond, Virginia, for
Appellee/Cross-appellant Town of Blackstone.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In Appeal No. 04-1564, Lisa Arthur appeals from the district court's order granting summary judgment in favor of the Town of Blackstone, Virginia ("Town"), and Clyde Rothgeb ("Rothgeb") in this employment discrimination action. Arthur contends that the district court erred (1) in finding that her administrative charge was untimely as to comments made by Rothgeb in the Fall of 2000 that she alleged established a hostile work environment and (2) in rejecting her retaliation claim on the ground that she did not engage in a protected activity. In Appeal No. 04-1588, the Town cross appeals and sets forth an additional ground on which the district court could have granted summary judgment. We affirm the judgment of the district court and dismiss the cross appeal.

The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2000), and the magistrate judge recommended that relief be denied. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation. See Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Arthur has waived appellate review of the timeliness of

the hostile work environment claim raised on appeal by failing to file objections to the magistrate judge's recommendation.

Arthur also challenges the district court's conclusion that she failed to forecast evidence of a prima facie case of retaliation.  We note that counsel mentions the ground on which the district court relied—-that Arthur's complaint about a rumor Rothgeb allegedly spread about Arthur did not constitute protected activity—-but does not put forth any argument that the district court erred with respect thereto.  See Fed. R. App. P. 28(a)(9) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").  And although Arthur does make such an argument in her reply brief, "'an issue first argued in a reply brief is not properly before a court of appeals.'" United States v. Lewis, 235 F.3d 215, 218 n.3 (4th Cir. 2000) (quoting Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996)).  We therefore find that this issue is not properly before us.*  See id.  Accordingly, we affirm the judgment of the district court.

---

*Moreover, even if the claim were not abandoned, Arthur's general objection to the magistrate judge's recommendation is insufficient to preserve the issue for appellate review.  See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[T]he failure to raise an objection 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute' waives any appellate review.") (internal quotation marks and citation omitted), cert. denied, 124 S. Ct. 1115 (2004).

Turning to the Town's cross appeal, the Town correctly recognizes that "we need not reach the arguments raised by the Town[] in [its] cross-appeal" where the order granting summary judgment is affirmed. APAC Carolina, Inc. v. Town of Allendale, S.C., 41 F.3d 157, 160 n.2, 167 (4th Cir. 1994). We therefore dismiss the cross appeal in No. 04-1588. See Pension Trust Fund for Operating Eng'rs v. Fed. Ins. Co., 307 F.3d 944, 947 n.1 (9th Cir. 2002) (dismissing cross appeal by party not aggrieved by district court judgment).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-1564 AFFIRMED
No. 04-1588 DISMISSED