**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1458**

SCOTT CHRISTIAN WADLEY,

Plaintiff - Appellant,

versus

PARK AT LANDMARK LP; REALTY MANAGEMENT
SERVICES; JULIE BOLEYN,

Defendants - Appellees,

versus

ALEXANDRIA REDEVELOPMENT & HOUSING AUTHORITY,

Party-in-Interest.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (1:06-cv-00777-JCC)

Submitted: January 29, 2008      Decided: February 12, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Carl L. Crews, CREWS & ASSOCIATES, PLLC, Arlington, Virginia, for
Appellant. David D. Hudgins, Kathleen A. Wynne, HUDGINS LAW FIRM,
Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Christian Wadley appeals from the district court's order granting summary judgment in favor of Appellees and dismissing his civil action alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(b), (f) (2000), and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982 (2000). He also appeals the magistrate judge's denial of his motion to compel.[1] Wadley alleged that Appellees unlawfully discriminated against him on the basis of his race (African-American) and disability[2] when Appellees decided to enact a Section 8 non-renewal program, failed to renew his lease at Appellees' property, and subsequently leased his former unit to a non-disabled Caucasian. Finding no error, we affirm.

Wadley resided at the Park Landmark building in Alexandria, Virginia from 2002 until 2006. In January 2002 Wadley

---

[1]While Wadley stated in his notice of appeal his intention also to challenge the district court's order denying his motion to alter or amend pursuant to Fed. R. Civ. P. 59(e), his failure to present argument on this issue in his brief results in the waiver of this claim on appeal. To the extent Wadley's cursory reference to this issue could be deemed to be sufficient to preserve the issue, we find that the district court did not abuse its discretion in denying Wadley's Rule 59(e) motion. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991). As the district court correctly determined, Wadley provided no legitimate reason why the affidavits he sought to have considered by the district court as part of his motion for reconsideration were not available until after final judgment, other than Wadley's failure to obtain them until after dismissal of the action.

[2]As noted by the district court, Wadley presented no evidence of discrimination based on disability, or, for that matter, even established that he is disabled. He has presented no argument with regard to this issue on appeal.

qualified for a rental subsidy through a federal housing assistance program known as "Section 8."  Defendants Park at Landmark, LP ("Landmark"), Realty Management Services, Inc., and Julie Boleyn operated rental properties in Alexandria, Virginia, including the Landmark property.  Prior to May 2005 Landmark participated in a restrictive covenant with the City of Alexandria in which Landmark was required to lease twenty percent of its rental units to low-income tenants, including participants in the Section 8 program.  In 2005, however, Landmark was released from the covenant with the city and no longer was required to maintain a percentage of low-income tenants.  A corporate decision was made to pursue market-rate tenants, and Appellees began to phase out Landmark's Section 8 tenants through the non-renewal of Section 8 leases and the replacement of those tenants with market-rate tenants.

In January 2006, and at Wadley's request, his lease was converted to a month-to-month lease, with the stipulation that either Wadley or Landmark could, with sixty days' notice to the other party, elect not to renew the lease.  On January 26, 2006, Wadley was sent a sixty-day notice of Landmark's decision not to renew his lease.  Wadley moved out of the building one month early, in February 2006;  Landmark waived Wadley's rental payment for March.  Landmark no longer accepts new applications for new Section 8 residents, although some residents under the Section 8 program remain as tenants in the building on a month-to-month basis.

We review de novo the district court's grant of summary judgment, and we construe the facts in the light most favorable to Wadley, the non-moving party. See Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Laber, 438 F.3d at 415 (quoting Fed. R. Civ. P. 56(c)).

To prove a prima facie case of discrimination under the FHA, Wadley must demonstrate that either the housing action or practice being challenged was motivated by a discriminatory purpose or had a discriminatory impact. Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984). Here, as the district court found, Wadley presented no evidence sufficient to withstand summary judgment with regard to his claim of discriminatory intent and impact in either Appellees' enactment of the Section 8 non-renewal policy or in the termination of Wadley's lease. His own self-serving, unsubstantiated statements in opposition to Appellees' evidence in this regard is insufficient to stave off summary judgment. Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989). While Wadley blames his lack of evidence demonstrating disparate impact and purpose on the magistrate judge's denial of

his motion to compel,[3] his failure to file objections in the district court as to this denial within ten days of service of the order precludes our review of it on appeal. See United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984); Fed. R. Civ. P. 72(a); see also Wells v. Shriners Hosp., 109 F.3d 198, 199 (4th Cir. 1997). Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985).

With regard to Wadley's allegations of violations of the Civil Rights Act, we find that Wadley's failure to provide credible evidence of intent to discriminate based on race,[4] considered together with Appellees' presentation of sworn testimony from Julie Boleyn and Alice Summers (the regional property manager) providing credible evidence of non-discriminatory purposes for the non-renewal program and the termination of Wadley's lease,[5] fully

---

[3]Wadley had attempted to gather demographic evidence to support his claims by way of letter, rather than by formal discovery requests, in which Wadley requested confidential information of Appellees regarding Section 8 residents. Appellees argued before the magistrate judge that they did not possess the information sought by Wadley, and that the Fair Housing laws prohibited landlords from keeping the racial statistics sought by Wadley on their tenants.

[4]Wadley's only evidence supporting this claim was his own deposition testimony in which he stated he overheard a concierge express dislike for Section 8 tenants.

[5]Boleyn attested that all Section 8 residents whose leases were to expire the same month as Wadley's received the same notice of non-renewal that was sent to him. There was no evidence presented that Appellees intended to discriminate against him when

support the district court's conclusion that summary judgment likewise was appropriate on the Civil Rights Act claims.

We therefore affirm the district court's grant of summary judgment in favor of Appellees, and we dismiss Wadley's appeal from the magistrate judge's order denying his motion to compel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before  us and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

---

they elected not to renew his lease or that individuals who were not in a protected class were treated any differently with respect to the non-renewal decisions.