**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-8041**

FREDDIE BRADLEY,

                    Petitioner – Appellant,

          v.

MCKITHER BODISON,

                    Respondent – Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   R. Bryan Harwell, District Judge.
(3:08-cv-03352-RBH)

Submitted:  August 19, 2010        Decided:  August 26, 2010

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Freddie    Bradley,    Appellant    Pro    Se.    Donald    John
Zelenka, Deputy Assistant Attorney General, Alphonso Simon, Jr.,
OFFICE  OF  THE  ATTORNEY  GENERAL  OF  SOUTH  CAROLINA,  Columbia,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddie Bradley seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2006) petition for a writ of habeas corpus. The district court referred this case to a magistrate judge pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 2010). The magistrate judge recommended that relief be denied and advised Bradley that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see Thomas v. Arn, 474 U.S. 140, 146-48 (1985). Bradley has waived appellate review by failing to timely file objections after receiving proper notice.[1] Wells v. Shriners

---

[1] Bradley acknowledges our waiver rule and does not dispute that his failure to object to the magistrate judge's recommendation within the time limit would ordinarily constitute a waiver of his right to appeal. He nonetheless contends that he has shown excusable neglect for his failure to timely object. Although we have recognized that "the [waiver] rule is not absolute," Wright, 766 F.2d at 845, we have thus far recognized an exception only in the limited context of "procedural ambush," United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Specifically, we have held that a pro se litigant's failure to object will not bar an appeal if the litigant "received no (Continued)

2

Hosp., 109 F.3d 198, 201 (4th Cir. 1997) ("The law in this circuit is clear. If written objections to a magistrate judge's recommendations are not filed with the district court within ten days,[2] a party waives its right to an appeal."). Accordingly, we deny a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

notice of the consequences of a failure to object to the magistrate's report." Wright, 766 F.2d at 846-47. Bradley was not procedurally ambushed, and, insofar as he suggests that we create an exception to the waiver rule for excusable neglect, we decline the invitation.

[2] On December 1, 2009, after the entry of the district court's order, the ten-day period became fourteen days. See Statutory Time-Periods Technical Amendments Act of 2009, Pub. L. No. 111-16, § 6, 123 Stat. 1607, 1608 (2009) (codified at 28 U.S.C.A. § 636(b)(1)).