**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1569**

DEBRA ROACH,

    Plaintiff - Appellant,

  v.

ROBERT M. GATES, Dr., Secretary of Defense,

    Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Margaret B. Seymour, District Judge. (2:07-cv-00136-MBS; 2:07-cv-01574-MBS)

Submitted: January 14, 2011     Decided: March 17, 2011

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Debra Roach, Appellant Pro Se. Terri Hearn Bailey, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Debra Roach appeals from the district courts' orders accepting the reports and recommendations of the magistrate judge and granting summary judgment to the Defendant on Roach's employment discrimination and retaliation suit. On appeal, Roach raises numerous claims challenging the rulings in two district court orders: (1) the March 10, 2009, order granting summary judgment on all claims except Roach's claim that she was retaliated against due to her union activities and (2) the district court's final order granting summary judgment on Roach's union retaliation claim for failure to exhaust. We affirm in part and vacate and remand in part.

First, we find that Roach's failure to object to the magistrate judge's initial report waived the right to appeal the claims resolved by the March 10 order. The Federal Magistrate's Act provides that "[w]ithin ten days[ ] after being served with a copy, any party may serve and file written objections to [the] proposed findings and recommendations [of a magistrate judge] as provided by rules of court." 28 U.S.C. § 636(b)(1) (2006); see Fed. R. Civ. P. 72(b)(2).[*] The district court is required to review de novo only those portions of the report to which

_____

[*] On December 1, 2009, the ten-day period became fourteen days. Rule 72(b)(2) also changed to fourteen days.

2

specific and timely objections have been made.  See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).  Where no objections are filed, the court need not explain its reasons for adopting the report.  See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).  Further, "[i]f written objections to a magistrate judge's recommendations are not filed with the district court within ten days, a party waives its right to an appeal." Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997).

Roach did not file objections to the magistrate judge's initial report and recommendation.  Moreover, at that time and during most of the district court proceedings, Roach was represented by counsel.  In addition, Roach does not assert that she failed to receive the report and recommendation or any other excuse regarding her failure to file objections.

Thus, we conclude that Roach has waived appellate review of the district court's March 10 order by failing to file any objections to the magistrate judge's report and has abandoned any assertion to the contrary.  Accordingly, Roach has waived all her appellate arguments arising from the district court's grant of summary judgment on most of her claims.  Thus, the only appellate claims not waived are those concerning her union retaliations claims, which were the only claims left open by the March 10 order.  Thus, we affirm the portion of the court's judgment resolving the remainder of Roach's claims.

3

With regard to her union retaliation claims, Roach asserts that, following the March 10 order, the district court improperly limited her to two claims: (1) that she was prevented from coming to the workplace to participate in union activities and (2) that she was not allowed to submit statements and witnesses on her behalf. In a second report and recommendation following entry of the March 10 order, the magistrate judge concluded that his first report and recommendation (which was not objected to) clearly stated this limitation. We disagree.

In the magistrate judge's first report, the magistrate judge noted that Roach "asserts numerous allegations relating to her Union activities, including that she was denied rights to which she was entitled under the collective bargaining agreement, as well as that she was retaliated against for engaging in union activity." After noting that Roach's allegations were "numerous" and included claims that she was denied rights under the collective bargaining agreement ("CBA") as well as retaliated against for engaging in union activity, the magistrate judge noted three specific claims, those discussed above as well as Roach's claim that she was denied representation, which the magistrate judge found was barred for lack of jurisdiction. The magistrate judge did not say that these three claims were the ONLY claims raised by Roach, and it is questionable whether three claims would have properly been

4

termed "numerous." The magistrate judge then went on to request that the Agency determine what claims were remaining and proceed accordingly, a process that appears inapposite if the report and recommendation had actually intended to limit the union claims to the three discussed (and two remaining).

When Roach pointed out this alleged error in her objections to the second magistrate judge's report and recommendation, the magistrate judge responded that Roach could not change her arguments so late in the proceedings. However, as Roach noted, she had consistently argued throughout the proceedings that she was fired, at least in part, due to her participation in union activities. She claimed that the three assertions noted by the magistrate judge, as well as others, were actually factual support for her ultimate claim that she was improperly terminated. The Defendant's initial summary judgment motion supports Roach's interpretation, as it addressed Roach's claim that she was wrongfully terminated for participating in union activities. In her response to the Defendant's motion, Roach clearly contended that she was terminated in retaliation for her protected union activities and in violation of the CBA.

Because, contrary to the magistrate judge's conclusion in his second report and recommendation, the initial magistrate judge's recommendation did not clearly limit Roach to pursuing

5

the listed union claims, her failure to object did not result in such a limitation. While the magistrate judge may have intended such a limitation, the language of the report was ambiguous, at best. Instead, the magistrate judge's first report stated that it denied summary judgment as to Roach's union retaliation claims and instructed the parties to determine and brief the remaining claims, if any.

Accordingly, the district court erred in finding that Roach was barred from pursuing other union claims. As such, we vacate the portion of the district court's order dismissing Roach's claim that she was improperly terminated in retaliation for her participation in union activities and in violation of the CBA and remand for a determination of whether this claim was properly exhausted. We note that Roach conceded, in her objections and her informal brief, that her assertions that she was denied access to the workplace and not permitted to submit evidence on her behalf are not freestanding substantive claims for relief, and, if they were, were not properly exhausted.

Accordingly, we affirm the district court's orders with regard to all of Roach's claims except her assertion that she was improperly terminated in retaliation for her protected union activities and in violation of the CBA. As to this claim, we vacate and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are

6

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART