**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1200

SABRINA RENEE BROWN,

Plaintiff - Appellant,

v.

HUNTINGTON INGALLS INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Raymond A. Jackson, District Judge.  (4:11-cv-00044-RAJ-FBS)

Submitted:  June 22, 2012        Decided:  July 19, 2012

Before MOTZ, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sabrina Renee Brown, Appellant Pro Se.  Scott William Kezman, Anna Richardson Smith, KAUFMAN & CANOLES, PC, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabrina Renee Brown appeals the district court's order granting summary judgment to the defendant, Huntington Ingalls, Inc., on her claims under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2012) ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C.A. §§ 701-796 (West 2008 & Supp. 2012). Brown also challenges the magistrate judge's denial of several discovery motions, seeks to supplement the record on appeal, and moves this court to compel the production of discovery materials. For the following reasons, we decline to supplement the record or compel discovery, and we affirm the judgment below.

## I. Discovery motions[*]

We review the denial of discovery prior to the grant of summary judgment for an abuse of discretion. See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir.

---

[*] Huntington contends that Brown has waived review of the magistrate judge's denial of her various discovery motions because she did not challenge their disposition in the district court. Because Brown, proceeding pro se, did not receive notice of the consequences of failing to file timely objections to the magistrate judge's orders, however, her failure to object to them below does not waive appellate review. See Fed. R. Civ. P. 72(a); Wells v. Shriners Hosp., 109 F.3d 198, 200-01 (4th Cir. 1997); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

2

2002).  A trial court necessarily has broad discretion in managing pretrial discovery and an appellate court should not disturb its orders absent a clear abuse of discretion.  Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986).

Having carefully reviewed the record, we find no abuse of discretion in the magistrate judge's denial of Brown's various discovery motions.  Further, to the extent that Brown seeks to supplement the record with additional materials and information that were not considered by the district court, she has failed to show that such supplementation would be appropriate.  See Fed. R. App. P. 10(e)(2)(C).  Nor is her present appeal the proper venue for her to seek the production of additional discovery materials.

## II. Summary judgment

We review de novo a district court's order granting summary judgment.  See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010).  Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  Only disputes over facts that might

affect the outcome of the suit under governing law, i.e., material facts, will properly preclude summary judgment. Id. at 248-49. "Conclusory or speculative allegations do not suffice [to generate a genuine dispute of material fact], nor does a mere scintilla of evidence" in support of the nonmoving party's case. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Under the ADA, an employer may not discriminate against a "qualified individual" based on her disability. 42 U.S.C.A. § 12111(8) (West Supp. 2012). A "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. It was Brown's burden at the summary judgment stage to project evidence that she could perform the essential functions of the position in question here, with or without reasonable accommodations. Tyndall v. Nat'l Educ. Ctrs., Inc. of California, 31 F.3d 209, 213 (4th Cir. 1994). As the district court noted, Brown has failed to produce competent or admissible evidence tending to contradict Huntington's well-documented determination that she was not a "qualified individual." Accordingly, summary judgment in favor of Huntington on Brown's ADA claim was appropriate. For the same reasons, any claim Brown sought to raise under the

Rehabilitation Act also fails.  See Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264-65 (4th Cir. 1995).

Therefore, we affirm the judgment below and deny Brown's pending motion to compel discovery.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED