**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7446**

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

MICHAEL GREY WHITEROCK,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:09-hc-02163-FL-JL)

Submitted: June 7, 2013        Decided: June 18, 2013

Before MOTZ, KING, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, R. A. Renfer, Jr., Assistant United States Attorney, Michael James, Assistant United States Attorney, Seth M. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Whiterock seeks to appeal an order mandating his submission to a psychological interview to determine the appropriateness of civil commitment pursuant to the Adam Walsh Act, 18 U.S.C. § 4248.

A magistrate judge, over the objection of Whiterock's counsel, ordered Whiterock to submit to an interview by a government psychologist. Whiterock filed no objection to this order. Instead, he submitted to the interview. The government psychologist reported that, in his view, Whiterock met all the criteria for civil commitment. Relying on that report, the district court ordered Whiterock be civilly committed.

Whiterock maintains that the Government has no power to "certify someone as a sexually dangerous person and then force him to submit, against his will, to a psychological interview conducted by a government agent." He contends that an order doing so violates a person's due process rights to privacy and to refuse medical treatment.

We do not reach these arguments because Whiterock has waived his right to appeal by failing to object to the order of the magistrate judge. We recognize that the magistrate's order did not inform Whiterock of the ten-day deadline for filing objections. This might well have supplied reason for failing to file timely objections to the order if Whiterock had proceeded

2

pro se. See Wright v. Collins, 766 F.2d 841, 845-47 (4th Cir. 1985). But binding circuit precedent holds that in a case involving "counseled parties," like that at hand, even if the magistrate fails to inform a party of the ten-day rule, "[i]f written objections . . . are not filed with the district court within ten days, a party waives [hi]s right to an appeal." Wells v. Shriners Hosp., 109 F.3d 198, 200-01 (4th Cir. 1997).

Accordingly, we dismiss Whiterock's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED