**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6529**

PAUL CLEVELAND THOMPSON, JR.,

Plaintiff - Appellant,

v.

H. W. CLARKE; H. PONTON; B. WRIGHT; B. BOOKER; MAJOR MULLINS; LIEUTENANT MONTGOMERY; LIEUTENANT MILLER; LIEUTENANT EVANS; LIEUTENANT WHITT; C. L. PARR; B. WALLS; UNIT MANAGER DOSS; IHO KING; M. RHUDY; LIEUTENANT HARLEY COLNA; SERGEANT THOMPSON; SERGEANT JONES; CORRECTIONS OFFICER J. ROSENBAUM; CORRECTIONS OFFICER A. D. HASH; CORRECTIONS OFFICER FELTS; J. E. PARKS; KEITH DAWKINS; GAIL JONES; D. WELLS, Medical Supervisor; C. HALL, Medical Admin.; NURSE TOLBERT; NURSE SHAFFER, a/k/a Shaffner; COMMONWEALTH OF VIRGINIA,

Defendants - Appellees,

and

LIEUTENANT D. WELLS,

Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge. (7:17-cv-00010-NKM-JCH)

Submitted: April 30, 2021                                    Decided: July 26, 2021

Before MOTZ, KING, and AGEE, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Paul Cleveland Thompson, Jr., Appellant Pro Se. Nathan Henry Schnetzler, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Cleveland Thompson, Jr., appeals from the district court's entry on March 6, 2020, of final judgment in his 42 U.S.C. § 1983 civil rights action,[*] challenging several rulings by the district court and the magistrate judge. Appellees Lisa Tolbert, Cynthia Hall, Darlene Wells, and Lisa Shaffer ("the moving Appellees") move to dismiss the appeal in part, arguing that Thompson has not shown good cause for why he should be permitted to reinstate against them an appeal this court previously dismissed. We dismiss the appeal in part and affirm in part.

Thompson previously appealed from the district court's March 30, 2019, order granting the motion of the moving Appellees and an additional Defendant for partial final judgment under Fed. R. Civ. P. 54(b) following entry of the court's March 29, 2018, order dismissing Thompson's constitutional claims against them for failure to state a claim, declining to exercise supplemental jurisdiction over Thompson's state-law claims against them under 28 U.S.C. § 1367(c)(3), and dismissing those claims for lack of jurisdiction. This court dismissed Thompson's prior appeal for lack of prosecution. Thompson seeks appellate review here of the March 29 order. Once a case is dismissed for want of prosecution, however, this court may grant reinstatement only for good cause shown.

[*] We conclude after review of the record in light of *Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 639 (4th Cir. 2020), and *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610-12, 614-15 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021), that we have jurisdiction to review this appeal following the district court's dismissal without prejudice of Defendant Lt. D. Wells and dismissals without prejudice of Thompson's state-law claims.

3

4th Cir. R. 45. Thompson fails to explain his noncompliance with the court's order in his prior appeal requiring that he file an informal brief raising issues for review and either pay the filing fee for the appeal or move for leave to proceed without prepayment of fees. Because Thompson has not shown good cause, we grant the motion to dismiss the appeal in part and dismiss the appeal as to the moving Appellees.

Thompson challenges the magistrate judge's February 6, 2019, order denying his motion to appoint counsel, conduct during a May 1, 2019, status hearing, and the April 17, 2019, notice of the May 1 hearing. Thompson, however, did not file objections to the order, hearing notice, or the magistrate judge's rulings during the hearing. Because Thompson "failed to object to the magistrate judge's ruling[s and notice], [he has] waived [his] right to any further review" of them. *Kitlinski v. U.S. Dep't of Justice*, ___ F.3d ___, ___, No. 19-1621, 2021 WL 1311635, at *7 (4th Cir. Apr. 8, 2021) (internal quotation marks omitted); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 199 (4th Cir. 1997) ("In this circuit, as in others, a party may file objections . . . or he may not, as he chooses, but he shall do so if he wishes further consideration." (internal quotation marks omitted)).

Thompson also seeks review of: the district court's three March 29, 2018, orders dismissing some of his § 1983 claims for failure to state a claim, declining to exercise supplemental jurisdiction over his state-law claims, and denying motions to strike and to dismiss the complaint for failure to prosecute; the court's two April 1, 2018, orders—which were amended on April 25, 2018—granting in part and denying in part the dismissal and summary judgment motions filed by various Defendants; the court's March 30, 2019, order granting in part and denying in part summary judgment to various Defendants; the court's

4

May 30, 2019, order denying Thompson's request for appointment of counsel; the court's notices given for the June 19 and July 19, 2019, status hearings; and the court's March 6, 2020, order granting partial summary judgment to Defendants and overruling Thompson's objections to the July 19 status hearing and notice. We have reviewed the record and find no reversible error by the district court. Accordingly, we affirm the district court's orders for the reasons stated, *Thompson v. Clarke*, No. 7:17-cv-00010-NKM-JCH (W.D. Va. Mar. 29, 2018; Apr. 1 & 25, 2018; Mar. 30, 2019; May 30, 2019; Mar. 6, 2020), and affirm the district court's implicit rejection of Thompson's objections to the June 19 status hearing and notice based on his failure to proffer any argument explaining how or why these matters were reversibly erroneous or how he was prejudiced by them.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

5